PETROPLUS, JUDGE:
The Claimant, Edward C. Freeman, Esq., a practicing attorney at law of Princeton, West Virginia, was employed by George E. Wise, Jr., Land Agent for the Department of Natural Resources, Respondent, to perform certain legal services for the State of West Virginia, namely, to examine title to and prepare abstracts for certain tracts of land adjacent to Pinnacle Rock State Park in Mercer County. The services were performed in a competent and satisfactory manner, and the abstracts and certificates of title were forwarded to the Respondent with an itemized invoice in the amount of $500.00, charging twenty hours at a rate of $25.00 per hour. Neither the quality of the services nor the reasonableness of the charge is in issue.
The Respondent admitted all of the allegations of the petition, but denied liability on the ground that the contract of employment was illegal and void under Chapter 5,- Article 3, Section 1, of the West Virginia Code, which provides as follows:
“The attorney general shall give his written opinion and advice upon questions of law, and shall prosecute and defend suits, actions, and other legal proceedings, and generally render and perform all other legal services, whenever required to do so, in writing, by the governor, the secretary of state, the auditor, the State superintendent of free schools, the treasurer, the commissioner of agriculture, the board of public works, the tax commissioner, the State archivist and historian, the commissioner of banking, the adjutant general, the chief of the department of mines, *166 the superintendent of public safety, the State commissioner of public institutions, the State road commission, the workmen’s compensation commissioner, the public service commission, or any other State officer, board or commission, or the head of any State educational, correctional, penal or eleemosynary institution; and it shall be unlawful from and after the time this section becomes effective [August 17, 1932f for any of the public officers, commissions, or other persons above mentioned to expend any public funds of the State of West Virginia, for the purpose of paying any person, firm, or corporation, for the performance of any legal services: Provided, however, that nothing contained in this section shall impair or affect any existing valid contracts of employment for the performance of legal services heretofore made.
“It shall also be the duty of the attorney general to render to the president of the senate and/or the speaker of the house of delegates, a written opinion or advice, upon any questions submitted to him by them or either of them whenever he shall be requested in writing so to do.”
(underscoring ours)
Citing said statute as a basis for its defense, Respondent takes the position it has no moral obligation to the Claimant and that this is not the type of claim that the State of West Virginia in good conscience should pay.
At the hearing Mr. Wise, the Land Agent, testified that his duties encompassed handling land transactions for the Department of Natural Resources and dealing generally with attorneys, providing information and assistance to them, and otherwise working with them in matters involving real estate. It was his practice to employ attorneys approved by the Attorney General’s office. At the time Mr. Freeman was employed, several other attorneys were also employed throughout the State on different projects, all of the names being on an approved list which originally came from the Governor’s office. There was no question in his mind that he had authority to employ Mr. Freeman as his name was on the approved list. Although the practice of the Department was to communicate with the Attorney General’s office and request that private counsel be appointed to perform legal services for the State, as special assistants to the Attorney General, this procedure was not followed in the case of Mr. Freeman. The attorney origi *167 nally designated by the Attorney General to do the work was removed from a revised list prepared in the office of the incoming Governor, Arch A. Moore, Jr., and Mr. Freeman was substituted for the attorney appointed by the Attorney General. The substitution of counsel was done without the approval or designation of the Attorney General’s office. On cross examination Mr. Wise admitted that prior to the administration of Governor Moore, that he never employed private counsel to perform work for the State without the approval of the Attorney General. The State Auditor properly sought authorization from the Attorney General in October, 1969, to pay the invoice, and refused to do so when the approval was not forthcoming. Hence the claim came in this Court for a hearing and disposition.
The employment of private counsel for a State agency without the approval of the Attorney General is clearly a violation of the above cited statute, which undoubtedly was intended to curb the indiscriminate employment of attorneys to render legal services to the State when it is the function and duty of the Attorney General by law to perform all legal services. This prohibition applies to all State agencies, including the Governor’s office. If because of insufficient personnel, or other reasons, the office of the Attorney General cannot serve the State’s legal requirements, the device of appointing and designating special assistants is used by the Attorney General. That is to be the prerogative of his office or position, and all others mentioned in the statute, including the Governor, are precluded from expending public funds for the purpose of making payment for the performance of legal services rendered to the State.
The Claimant, being an attorney, is certainly chargeable with the knowledge of the statutory law of our State, and he probably more than a layman would be cognizant of the caveats attendant in dealing with public officers and government agencies, and the limitations upon their authority. Interdepartmental struggles or lack of communication between State officers is not the concern of this Court, but unless there is a legal basis for a claim this Court is without power to make an award, regardless of how sympathetic we may be to the cause of the claimant.
*168 The contract of employment being in direct violation of a statute, we are constrained, for the reasons stated in this opinion to deny the claim.
Claim disallowed.